IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASSEM AHMED ZAITOUN, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0110-WS-M |
| | ) |
| MICHAEL B. MUKASEY, etc., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the defendants' motion to dismiss, (Doc. 7), and on the plaintiff's motion for limited remand. (Doc. 9). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 7-9, 11-12), and the motions are ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to dismiss is due to be granted in part and denied in part and that the motion for limited remand is due to be denied.

## BACKGROUND

According to the original complaint, the plaintiff is a native of Egypt and a permanent resident of the United States since 1996. He filed a Form N-400 application for naturalization in February 2004, and his initial interview occurred in February 2005. As of the filing of the complaint, on February 20, 2008, the defendants had not adjudicated his application. The two counts of the complaint allege that the defendants owed the plaintiff a statutory and non-discretionary duty to adjudicate the application in a timely manner and that they breached this duty. The complaint seeks either a writ of mandamus requiring the defendants to adjudicate his application or, in the alternative, a federal court determination of the matter under the terms of 8 U.S.C. § 1447. The

complaint also requests an award of costs and attorney's fees under the Equal Access to Justice Act ("EAJA").  (Doc. 1).

On April 10, 2008, the plaintiff filed an amended complaint.  This pleading added a claim for violation of his procedural due process rights based on the defendants' alleged practice of ruling on applications based on litigation status rather than on order of receipt or examination.  (Doc. 6 at 6-7).  The only relief sought under this claim is an order "prohibiting Defendants from processing [the plaintiff's] Application at the procedural expense of other pending applicants."  (*Id*. at 9).

The plaintiff sent requests for waiver of service to the four named defendants on February 20, 2008.  (Docs. 2-5).  They have not responded.  Instead, they filed the instant motion to dismiss on April 17, 2008.  The motion reflects that the plaintiff's application was approved on that date.  (Doc. 7, Exhibit 2).  Later filings reflect that the plaintiff was sworn in as a United States citizen on May 3, 2008.  (Doc. 11 at 5; Doc. 12 at 2).  The plaintiff filed his motion for limited remand on April 29, 2008, seeking a remand with direction to the defendants to administer the oath.  (Doc. 9 at 4).

## DISCUSSION

The defendants move to dismiss on three grounds: (1) lack of personal jurisdiction; (2) insufficient service of process; and (3) mootness.  "By its very nature, a moot suit cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it."  *National Advertising Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) (internal quotes omitted).  Because questions of subject matter jurisdiction are to be answered before all others, the Court considers the mootness argument first.

The plaintiff does not deny that, under generally prevailing principles, his demand for relief would be rendered moot by the defendants' approval of his application.  Instead, he argues that his suit under Section 1447 stripped the defendants of any authority to grant his application.  The only appellate courts known to have addressed the issue agree

with the plaintiff.  *Etape v. Chertoff*, 497 F.3d 379, 388 (4th Cir. 2007) (collecting cases); *United States v. Hovsepian*, 359 F.3d 1144, 1159 (9th Cir. 2004) (en banc).  According to *Etape*, a majority of district courts are in accord.  497 F.3d at 382 n.1.[1]  There are, however, persuasive authorities on the other side of the issue*, e.g., Bustamante v. Chertoff*, 533 F. Supp. 2d 373 (S.D.N.Y. 2008), and the Eleventh Circuit has not addressed it.

The Court finds no reason to wade into this thicket.  "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183 (11th Cir. 2007) (internal quotes omitted).  The plaintiff's ultimate goal as relates to this litigation is to become an American citizen, (Doc. 6, ¶¶ 19, 24, 26, 38), with a (favorable) ruling on his application but an intermediate step in that process.  The plaintiff is now an American citizen, and there is thus no meaningful relief the Court can award him.[2]  Whether or not the defendants had the authority under Section 1447 to rule on his application after he filed suit, by taking the oath of citizenship the plaintiff rendered moot any imperfections in the process.  The plaintiff's motion for a limited remand likewise became moot when he took the oath.[3]

The plaintiff argues that his due process claim cannot be rendered moot in the

---

[1] This includes several district courts in the Eleventh Circuit.  *Haring v. Attorney General*, 2008 WL 822003 at *3 (M.D. Fla. 2008); *Izraileva v. Chertoff*, 2007 WL 3120255 at *3 (M.D. Fla. 2007); *Kalla v. Chertoff*, 2007 WL 415157 at *2 (N.D. Ga. 2007).

[2] Nor has the plaintiff suggested that he desires the Court to strip him of his long-sought citizenship (by finding the defendants acted without authority) as a predicate to ordering the defendants to rule (again) on his application.

[3] Although the plaintiff labeled the motion as "time sensitive," (*id*. at 1), he did not request an expedited ruling, alert the Court that taking the oath was imminent, or object to the Court's entry of an order the next day setting a briefing schedule on the motion. (Doc. 10).

same fashion. (Doc. 8 at 9). The only relief he seeks under that claim, however, is an order prohibiting the defendants from ruling on his application ahead of others merely because he filed suit, (Doc. 6 at 9),[4] and any objection to that procedure, as with his other objections, was mooted by his becoming a citizen.

Finally, the plaintiff argues that his request for attorney's fees under EAJA is not moot. (Doc. 8 at 9). The defendants suggest that the plaintiff cannot pursue fees unless he files a "separate petition" requesting them, (Doc. 11 at 2), but they neither support this proposition nor explain how it bolsters their mootness argument. Because the EAJA claim is not moot, the Court turns to the defendants' other arguments.

As noted, the plaintiff submitted requests for waiver of service. However, "[w]aiver of service may not be requested of the United States ...." 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1092.1 at 493 (3rd ed. 2002).[5] The plaintiff's attempt to obtain such a waiver may thus be misguided,[6] but it does not support dismissal under Rule 12(b)(5). The complaint was filed February 20, 2008, and Federal Rule of Civil Procedure 4(m) "prohibits dismissal for failure to serve process if fewer than 120 days have elapsed since the plaintiff filed [his] complaint." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1342 n.5 (11th Cir. 2005). Because the defendants' personal jurisdiction argument is likewise based on the failure to serve process, (Doc. 7 at 2 n.1; Doc. 11 at 1-2 n.1), it is likewise premature.

---

[4]It is not immediately apparent how a past violation of the plaintiff's due process rights could be remedied by a prohibition on the future violation of third parties' due process rights.

[5]This follows from the text of Rule 4(d)(1), which provides for waiver of service only from "[a]n individual, corporation or association" subject to service under Rule 4(e), (f) or (h), while service on the United States, its corporations, agencies and employees is governed by Rule 4(i).

[6]The defendants are four government officials, all sued in their official capacities. (Doc. 1, ¶¶ 7-10).

For the reasons set forth above, the defendants' motion to dismiss is **granted** with respect to all three counts of the amended complaint and **denied** as to the demand for attorney's fees. The plaintiff is **ordered** to serve the defendants in accordance with Rule 4(i) on or before **June 23, 2008** or face dismissal pursuant to Rule 4(m). The plaintiff is further **ordered** to file proof of service within one business day of receipt thereof. The plaintiff is further **ordered** to file and serve, on or before **June 30, 2008**, any application or motion for an award of fees under EAJA.[7] The plaintiff may obviate compliance with these orders by formally withdrawing his demand for fees. The defendants may move to dismiss the demand for fees at any time.

DONE and ORDERED this 27th day of May, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[7] An award of such fees appears unlikely. *See Morillo-Cedron v. District Director, U.S. Citizenship and Immigration Services*, 452 F.3d 1254 (11th Cir. 2006) (the rule of *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), applies to EAJA requests).